# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| GREE, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 2:19-cv-00237-JRG-RSP |
| § | |
| SUPERCELL OY, § | |
| § | |
| Defendant. § | |

## MEMORANDUM ORDER

Before the Court is the Motion to Strike Defendant's Amended Invalidity Contentions, filed by Plaintiff GREE, Inc. Dkt. No. 103. After consideration, the Court **DENIES** GREE's Motion.

### I. BACKGROUND

On June 24, 2019, GREE filed this case against Defendant Supercell Oy claiming that Supercell's "Clash Royale" game infringed U.S. Patent No. 10,328,346 ("the '346 Patent"), as well as one other patent. On December 6, 2019, Supercell served its preliminary invalidity contentions accompanied by claim charts which alleged that nine prior art references invalidated the '346 Patent. Supercell did not allege that any of its games, including the earlier-released "Clash of Clans" game, invalidated the '346 Patent.

In January 2020, GREE and Supercell exchanged preliminary constructions. Supercell proposed construing "panel(s)" in claims 1–15 of the '346 Patent as "card(s)." Dkt. No. 49-1 at 1. GREE proposed "Plain and Ordinary Meaning; No Construction Needed" for "panel(s)." *Id*. Neither party altered these positions during briefing or the *Markman* hearing, which took place on April 14, 2020. *See* Dkt. Nos. 54, 60, 62, 64.

On May 14, 2020, the Court issued a Claim Construction Memorandum Opinion and Order "determin[ing] that 'panel' has its plain and ordinary meaning without the further need for construction." Dkt. No. 94 at 56. The Court explicitly rejected that the 'panel' of the '346 Patent is necessarily a 'card. *Id*. at 55 ("The issue in dispute is whether the 'panel' of the '346 Patent is necessarily a 'card.' It is not."). Supercell filed an Objection to the Claim Construction Order. *See* Dkt. No. 97. On June 30, 2020, the Court issued an Order adopting the Claim Construction Memorandum Opinion and Order and overruling Supercell's Objection. *See* Dkt. No. 100.

The next day, Supercell served GREE with amended invalidity contentions, adding its Clash of Clans game as a prior art reference for the '346 Patent. Supercell argues it originally only included card-game references as prior art. In light of the Court's claim construction of "panel(s)," specifically the Court's finding that a "panel" is not necessarily a "card," Supercell contends that it now views the term more expansively and, accordingly, believes its Clash of Clans game could be considered invalidating prior art. It thus claims the amendment is proper under P.R. 3-6.

GREE disagrees that Supercell is entitled to amend its invalidity contentions so it served the present Motion on July 28, 2020, seeking to strike Supercell's amendment.

## II.   LEGAL STANDARD

A party may amend its contentions only in certain situations according to this District's Local Patent Rules. First, a party can amend its contentions without leave from the Court if:

> **a) Leave not required.** Each party's "Infringement Contentions" and "Invalidity Contentions" shall be deemed to be that party's final contentions, except as set forth below.
> . . . .
>> **(2)** Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve "Amended Invalidity Contentions" without leave of court . . . if:
>>> **(A)** a party claiming patent infringement has served "Infringement Contentions" pursuant to P. R. 3-6(a), or
>>> **(B)** the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

2

P.R. 3-6(a).

In determining whether a proposed amendment to infringement or invalidity contentions is made in "good faith," as provided by P.R. 3-6(a), courts in the Eastern District of Texas have uniformly required the movant to show that the claim construction adopted by the court was "unexpected." *Sycamore IP Holdings LLC v. AT&T Corp.*, No. 2:16-CV-588-WCB, 2018 WL 1695231, at *4 (E.D. Tex. Apr. 6, 2018) (collecting cases). In this context, the movant must show that the construction was unexpected at the time of the claim construction briefing, not when the original contentions were served. *Id.*, at *5.

Otherwise, a party may only amend or supplement its infringement or invalidity contentions with leave of the Court, which shall be entered only upon a showing of good cause. *See* P.R. 3-6(b). "Good cause," according to the Federal Circuit, "requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Courts in this District routinely apply a four-factor test to determine whether good cause has been shown. *See Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 WL 278868, at *2 (E.D. Tex. Feb. 1, 2006) (citation omitted). Those four factors are: (1) the explanation for the failure to meet the deadline; (2) potential prejudice in allowing the thing that would be excluded; (3) the importance of the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *Id*. The burden of proving good cause rests with the party seeking the untimely amendment. *Id*.

### III. ANALYSIS

GREE argues that Supercell has neither a good faith basis nor good cause to amend its invalidity contentions. Supercell disagrees.

The Court finds that Supercell has, at least, good cause for its amendment, making GREE's effort to strike it improper. Supercell explains that its understanding of "panel(s)" was originally

narrower than the Court's final construction, limiting the prior art references it found applicable. While the Court adopted the plain and ordinary meaning for the term, it also expressly rejected that a "panel" in the '346 Patent is necessarily a "card." This rejection was not in GREE's proposed construction. Therefore, Supercell offers a reasonable explanation for its misunderstanding—a misunderstanding that would not be cleared up by GREE's proposed construction.

GREE also argues that this amendment will cause it prejudice since this case is fast approaching trial. However, this argument fails. First, Supercell gave GREE its proposed amendment on July 1st, nearly three months ago. Further, the Court recently granted the parties' joint motion to amend the docket control order, *see* Dkt. No. 113, pushing trial, as well as the corresponding pre-trial dates, back by three months. Finally, Clash of Clans is one of the Supercell games that GREE has accused of infringement in this case. It can hardly claim that it was previously unaware of the game before Supercell filed its amendment. While it may not have previously examined the game in the context of invalidity, it has access to the game's source code and plenty of time to look through it. In sum, GREE would not suffer undue prejudice from this amendment.

On the other hand, Supercell has not adequately articulated the unique importance of this reference. Supercell used nine other prior art references to collectively chart all the elements of the '346 Patent in its original contentions. Supercell does not explain what then makes this reference so important; although it clearly lays out that this is the only prior art reference that is not based on a card game. Regardless, this factor, by itself, is not enough to outweigh the other factors.

Accordingly, GREE's Motion to Strike is denied. Dkt. No. 103.

**SIGNED this 24th day of September, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE