# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| GREE, INC., § | |
| § | |
| Plaintiff, § | Case No.: 2:19-cv-00070-JRG-RSP |
| § | Case No.: 2:19-cv-00071-JRG-RSP |
| v. § | Case No.: 2:19-cv-00237-JRG-RSP |
| § | Case No.: 2:19-cv-00310-JRG-RSP |
| SUPERCELL OY, § | Case No.: 2:19-cv-00311-JRG-RSP |
| § | |
| Defendant. § | JURY TRIAL DEMANDED |

## JOINT MOTION TO VACATE JURY VERDICTS AND FINAL JUDGMENTS AND STIPULATION OF DISMISSAL PURSUANT TO RULE 41(a)(1)(A)(ii)

Plaintiff GREE, Inc. ("GREE" or "Plaintiff") and Defendant Supercell Oy ("Supercell" or "Defendant") (together, the "Parties") hereby respectfully submit the following (a) Joint Motion to Vacate the Jury Verdicts and Final Judgments entered in the above-referenced actions pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and (b) Stipulation of Dismissal pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure whereby Plaintiff agrees to dismiss its claims in the above-referenced actions with prejudice, and Defendant agrees to dismiss its claims, counterclaims and defenses in the above-referenced actions without prejudice, with each Party to bear its own fees and costs.

On August 16, 2021, the Parties resolved finally all outstanding disputes, including the above-referenced actions.

Plaintiff and Defendant respectfully move this court to vacate (i) the Jury Verdict (Dkt. No. 475 and 476) and Final Judgment (Dkt. No. 497) entered in Civil Action No. 2:19-cv-00070-JRG-RSP, (ii) the Jury Verdict (Dkt. Nos. 350 and 351) and Final Judgment

(Dkt. No. 373) entered in Civil Action No. 2:19-cv-00071-JRG-RSP, (iii) the Jury Verdict (Dkt. Nos. 264 and 265) entered in Civil Action No. 2:19-cv-00237-JRG-RSP, (iv) the Jury Verdict (Dkt. Nos. 274 and 275) entered in Civil Action No. 2:19-cv-00310-JRG-RSP, and (v) the Jury Verdict (Dkt. No. 257 and 258) entered in Civil Action No. 2:19-cv-00311-JRG-RSP.

Under Fed. R. Civ. P. 60(b), a district court has discretion to vacate a final judgment, order, or proceeding when "the judgment has been satisfied, released, or discharged," "applying [the judgment] prospectively is no longer equitable" or "any other reason [] justifies relief." Fed. R. Civ. P. 60(b)(5) and (6); *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994) (finding that district court may vacate judgment under Fed. R. Civ. P. 60(b)); *see, e.g.,* Order, *Optis Wireless Technology, LLC, et al. v. Huawei Device USA, Inc., et al.*, Case No. 2:17-cv-00123-JRG, Dkt. No. 422 (E.D. Tex. Apr. 2, 2020) (granting joint motion to vacate final judgment pursuant to settlement) (Sacksteder Decl. Ex. A); Order, *Intellectual Ventures I LLC v. T Mobile USA, Inc., et al.*, Case No. 2:17-cv-00577-JRG, Dkt. No. 372 (E.D. Tex. June 24, 2019) (granting joint motion to vacate final judgment in light of settlement) (Sacksteder Decl. Ex. B); Order Granting Joint Motion To Vacate Final Judgment (Dkt. No. 146), *Callpod, Inc. v. T Technology, Inc., et al.*, Case No. 2:11-cv-326, Dkt. No. 150 (E.D. Tex. May 19, 2014) (granting joint motion to vacate final judgment) (Sacksteder Decl. Ex. C); *Geoffrion v. Nationstar Mortg. LLC*, No. 4:14-CV-00350-ALM, 2016 WL 6678492, at *1 (E.D. Tex. Oct. 26, 2016) (granting motion to vacate jury verdict and final judgment pursuant to settlement); Order, *Ameranth, Inc. v. Menusoft Systems Corp., et al.*, Case No. 2:07-cv-271-DF, Dkt. No. 332 (E.D. Tex. Oct. 31, 2011) (granting motion for indicative ruling that, upon remand from Federal Circuit, court would grant motion to vacate verdicts and judgment following settlement) (Sacksteder Decl. Ex. D); Order, *Ameranth, Inc. v. Menusoft Systems Corp., et al.*, Case No.

2:07-cv-271-RSP, Dkt. No. 355 (E.D. Tex. Feb. 6, 2012) (granting joint motion to vacate jury verdicts and Court's entry of judgment) (Sacksteder Decl. Ex. E).

When determining whether to grant vacatur, courts consider factors such as, "1. The public interest in the orderly operation of the federal judicial system; 2. The parties' desire to avoid any potential preclusive effect; 3. The court's resources that will be expended if the case continues; and 4. The parties' interest in conserving their resources." *Cisco Sys., Inc. v. Telcordia Techs., Inc.*, 590 F. Supp. 2d 828, 830 (E.D. Tex. 2008).

Here, several factors weigh in favor of vacatur. First, the Parties both "desire to avoid any potential preclusive effect" from the jury verdicts and final judgments, ███████████████████████████████████████████████████████████████████ *See* Order, *Optis Wireless Technology, LLC, et al. v. Huawei Device USA, Inc., et al.*, Case No. 2:17-cv-00123-JRG, Dkt. 417 (E.D. Tex. Feb. 27, 2020) (stating Court would give "favorable consideration" to joint request to vacate the final judgment and exceptional case order) (Sacksteder Decl. Ex. F); Order, *Optis Wireless Technology, LLC, et al. v. Huawei Device USA, Inc., et al.*, Case No. 2:17-cv-00123-JRG, Dkt. No. 422 (E.D. Tex. Apr. 2, 2020) (Sacksteder Decl. Ex. A); Order, *Intellectual Ventures I LLC v. T Mobile USA, Inc., et al.*, Case No. 2:17-cv-00577-JRG, Dkt. No. 372 (E.D. Tex. June 24, 2019) (Sacksteder Decl. Ex. B); Order Granting Joint Motion To Vacate Final Judgment (Dkt. No. 146), *Callpod, Inc. v. T Technology, Inc., et al.*, Case No. 2:11-cv-326, Dkt. No. 150 (E.D. Tex. May 19, 2014) (Sacksteder Decl. Ex. C).

Second, the "public interest in the orderly operation of the judicial system" would not be adversely affected by vacatur. The Parties' settlement disposes of all litigation pending before this Court concerning the patents at issue, and no third parties would be affected by vacatur of the verdicts and final judgments. Prior to the Parties' settlement, post-trial motions were pending

in Civil Action Nos. 2:19-cv-00070-JRG-RSP and 2:19-cv-00071-JRG-RSP, and the Parties had intended to file post-trial motions in Civil Action Nos. 2:19-cv-00237-JRG-RSP, 2:19-cv-00310-JRG-RSP, and 2:19-cv-00311-JRG-RSP. Because of the Parties' settlement, these pending and prospective post-trial motions (including motions addressing the impact on a verdict of a subsequent Federal Circuit decision regarding the asserted claim of a patent at issue in that verdict) will not be ruled on by the Court, and the record on the issues raised in those motions will remain incomplete. The jury verdicts and final judgments therefore will provide little guidance to the public because they were still subject to additional challenges and potential modifications on various grounds. *See IBM Credit Corp. v. United Home for Aged Hebrews*, 848 F. Supp. 495, 496 (S.D.N.Y. 1994) ("Vacatur of a decision is appropriate where it benefits the parties but does not run counter to any public interest.").

Third, the settlement significantly preserves the Court's resources. As a result of the settlement, the Court will not need to expend resources deciding the Parties' pending and prospective post-trial motions, and it will avoid expending resources on a trial in two remaining cases between the Parties (Civil Action Nos. 2:19-cv-00413-JRG-RSP and 2:20-cv-00113-JRG-RSP). Further, the settlement also resolves any potential future appeals, thereby preserving the resources of the judicial system, and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See Cisco*, 590 F. Supp. 2d at 831-832.

Fourth, the settlement has significantly preserved the Parties' resources. In addition to avoiding trial in two cases (Civil Action Nos. 2:19-cv-00413-JRG-RSP and 2:20-cv-00113-JRG-RSP), the Parties will not incur future expenses on their pending and prospective post-trial motions, or the potential expense of appeals. The settlement also resolves the related challenges to GREE's patents before the Patent Trial and Appeals Board filed by Supercell. The "parties'

interest in conserving their resources" therefore weighs in favor of vacatur. *See Cisco*, 590 F. Supp. 2d at 832. Accordingly, the Parties respectfully request that the Court vacate the Jury Verdicts and Final Judgments in the above-captioned cases.

Further, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), Plaintiff agrees to dismiss its claims in the above-referenced actions with prejudice, and Defendant agrees to dismiss its claims, counterclaims and defenses in the above-referenced actions without prejudice, with each Party to bear its own fees and costs.

NOW THEREFORE, subject to the approval of the Court, the Parties hereby move and stipulate as follows:

1. The Parties move that (i) the Jury Verdict (Dkt. Nos. 475 and 476) and Final Judgment (Dkt. No. 497) in Civil Action No. 2:19-cv-00070-JRG-RSP, (ii) the Jury Verdict (Dkt. Nos. 350 and 351) and Final Judgment (Dkt. No. 373) in Civil Action No. 2:19-cv-00071-JRG-RSP, (iii) the Jury Verdict (Dkt. Nos. 264 and 265) entered in Civil Action No. 2:19-cv-00237-JRG-RSP, (iv) the Jury Verdict (Dkt. Nos. 274 and 275) entered in Civil Action No. 2:19-cv-00310-JRG-RSP, and (v) the Jury Verdict (Dkt. No. 257 and 258) entered in Civil Action No. 2:19-cv-00311-JRG-RSP, be hereby vacated;

2. Plaintiff GREE, Inc. hereby dismisses the above-referenced actions with prejudice;

3. Defendant Supercell Oy hereby dismisses all claims, counterclaims and defenses in the above-referenced actions without prejudice; and

4. Each Party agrees to bear its own costs and expenses in the above-referenced actions.

Dated:  August 23, 2021                                    Respectfully submitted,


                                        GILLAM & SMITH, LLP


                                By  */s/ Steven D. Moore*  
                                   MELISSA R. SMITH  
                                   (Texas State Bar No. 24001351)  
                                   HARRY L. GILLAM, JR.  
                                   (Texas State Bar No. 07921800)  
                                   303 South Washington Avenue  
                                   Marshall, Texas  75670  
                                   Telephone:  (903) 934-8450  
                                   Facsimile:   (903) 934-9257  
                                   Email:  melissa@gillamsmithlaw.com  
                                   Email:  gil@gillamsmithlaw.com

Of Counsel:                      KILPATRICK TOWNSEND & STOCKTON LLP  
                                   STEVEN D. MOORE (CA Bar No. 290875)  
                                   RISHI GUPTA (CA Bar No. 313079)  
                                   Two Embarcadero Center, Suite 1900  
                                   San Francisco, CA  94111  
                                   Telephone:  (415) 576-0200  
                                   Facsimile:   (415) 576-0300  
                                   Email:  smoore@kilpatricktownsend.com  
                                   Email:  rgupta@kilpatricktownsend.com

                                   NORRIS P. BOOTHE (CA Bar No. 307702)  
                                   1080 Marsh Road  
                                   Menlo Park, CA  94025  
                                   Telephone:  (650) 326-2400  
                                   Facsimile:   (650) 326-2422  
                                   Email:  nboothe@kilpatricktownsend.com

                                   JOHN C. ALEMANNI (NC Bar No. 22977)  
                                   TAYLOR HIGGINS LUDLAM (NC Bar No. 42377)  
                                   KASEY E. KOBALLA (NC Bar No. 53766)  
                                   4208 Six Forks Road  
                                   Raleigh, NC  27609  
                                   Telephone:  (919) 420-1700  
                                   Facsimile:   (919) 420-1800  
                                   Email:  jalemanni@kilpatricktownsend.com  
                                   Email:  taludlam@kilpatricktownsend.com  
                                   Email:  kkoballa@kilpatricktownsend.com

MICHAEL T. MORLOCK (GA Bar No. 647460)
JOSHUA H. LEE (GA Bar No. 489842)
1100 Peachtree Street, NE
Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: mmorlock@kilpatricktownsend.com
Email: jlee@kilpatricktownsend.com

ALTON L. ABSHER III (NC Bar No. 36579)
ANDREW W. RINEHART (NC Bar No. 46356)
1001 West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 607-7300
Facsimile: (336) 607-7500
Email: aabsher@kilpatricktownsend.com
Email: arinehart@kilpatricktownsend.com

TAYLOR J. PFINGST (CA Bar No. 316516)
1801 Century Park East
Suite 2300
Los Angeles, CA 90067
Telephone: (310) 248-3830
Facsimile: (310) 860-0363
Email: tpfingst@kilpatricktownsend.com

Attorneys for PLAINTIFF GREE, Inc.


FENWICK & WEST LLP


By */s/ Michael J. Sacksteder*
   Michael J. Sacksteder (Admitted E.D. Texas)
   Bryan A. Kohm (Admitted E.D. Texas)
   Shannon E. Turner (Admitted E.D. Texas)
   Christopher L. Larson (Admitted E.D. Texas)
   FENWICK & WEST LLP
   555 California Street, 12th Floor
   San Francisco, California 94104
   Telephone: (415) 875-2300
   Facsimile: (415) 281-1350
   Email: msacksteder@fenwick.com
   Email: bkohm@fenwick.com
   Email: sturner@fenwick.com

Email: clarson@fenwick.com

Geoffrey R. Miller
(Texas State Bar No. 24094847)
FENWICK & WEST LLP
902 Broadway, Suite 14
New York, NY 10010
Telephone: (212) 430-2600
Facsimile: (650) 938-5200
Email: gmiller@fenwick.com

Jonathan T. McMichael (Admitted E.D. Texas)
Jessica M. Kaempf (Admitted E.D. Texas)
Howard L. Lim (Admitted E.D. Texas)
FENWICK & WEST LLP
1191 Second Ave., 10th Floor
Seattle, Washington 98101
Telephone: (206) 389-4510
Facsimile: (206) 389-4511
Email: jmcmichael@fenwick.com
Email: jkaempf@fenwick.com
Email: hlim@fenwick.com

Jennifer R. Bush (Admitted E.D. Texas)
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94014
Telephone: (650) 988-8500
Facsimile: (650) 938-5200
Email: jbush@fenwick.com

Deron R. Dacus
State Bar No. 00790553
Shannon M. Dacus
State Bar No. 00791004
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543
Email: ddacus@dacusfirm.com
Email: sdacus@dacusfirm.com

Kevin P.B. Johnson (Admitted E.D. Texas)
Todd M. Briggs (Admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor

Redwood Shores, CA  94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email:  kevinjohnson@quinnemanuel.com
Email:  toddbriggs@quinnemanuel.com

Edward J. DeFranco (Admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
Telephone: (212) 849-7106
Facsimile: (212) 849-7100
Email:  eddefranco@quinnemanuel.com

Kevin Chu (Admitted E.D. Texas)
QUINN EMANUEL URQUHART & SULLIVAN LLP
1300 I Street NW, Suite 900
Washington, DC  20005
Telephone: (202) 538-8199
Email:  kevinchu@quinnemanuel.com

Rachael McCracken (Admitted *pro hac vice*)
Lance L. Yang (Admitted E.D. Texas)
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA  90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Email:  rachaelmccracken@quinnemanuel.com
Email:  lanceyang@quinnemanuel.com

Attorneys for Defendant Supercell Oy

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2021, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

*/s/ Steven D. Moore*
Steven D. Moore

## CERTIFICATE OF CONFERENCE

I hereby certify that Counsel for Plaintiff and Counsel for Defendant have complied with the meet and confer requirement in Local Rule CV-7(h) regarding this Motion. The Parties are in agreement and are seeking joint relief.

*/s/ Steven D. Moore*
Steven D. Moore
